[Civ. No. 13378.  First Dist., Div. Two.  Oct. 9, 1947.]

PALO ALTO BUILDING CO. INC. (a Corporation), Respondent, v. GWENDOLYN C. JONES et al., Appellants.

Joseph A. Brown for Appellants.

Frank J. Fontes for Respondent.

NOURSE, P. J.—This appeal presents no legal difficulties and no justification for the time and expense imposed upon the respondent.

The complaint prayed for a vendor's lien on real property to secure the payment of the unpaid balance of the purchase price. It alleged that Mr. and Mrs. Jones took over and exercised an option to sell the property which had been put in the name of another as mere title holder; that, through an

error of the title company, a deed was given to the Jones without calling for the assumption of an outstanding F.H.A. loan; that the Jones had full knowledge of the mistake. The answer admitted that husband and wife were the owners in fee through this deed.

The trial court found that all these allegations were true and rendered judgment against the Jones and impressed a lien on the property to secure payment of the amount of the F.H.A. loan.

The evidence fully supports the findings. There is no conflict in the evidence except as to some of the testimony which the trial court rejected as incredible. Jones acted throughout for himself and his wife; he had full knowledge of the outstanding loan, full knowledge that the title company had made a mistake, and, for that reason, took title in the name of his wife as sole grantee.

■ The first ground raised by appellants is that an agreement to create a lien must be in writing. The universally accepted rule in the case of vendor's liens is *contra*. Section 3046 of the Civil Code; 17 Cal.Jur. 718; 25 Cal.Jur. 740; *Estate of Reid*, 26 Cal.App.2d 362, 370 [79 P.2d 451].

■ The second and third points argued are but a restatement of the first. They rest on the unsound basis that the vendor's lien is a mortgage and must be in writing.

■ The fourth point is that Mrs. Jones must be held to have been an innocent purchaser. Their answer admitted that Mr. and Mrs. Jones were the owners in fee under the deed. Mr. Jones knew all the circumstances of the outstanding loan and knew that the title company had made a mistake in failing to protect the loan when the transfer was made. There is no reliable evidence that the wife was an innocent purchaser. As agent for his wife, the knowledge of Mr. Jones will be imputed to her. Section 2332 of the Civil Code reads: "As against a principal, both principal and agent are deemed to have notice of whatever either has notice of, and ought, in good faith and the exercise of ordinary care and diligence, to communicate to the other." Since Mr. Jones had knowledge of the loan and the mistake in the transfer he will be deemed to have communicated "in good faith" those facts to his wife.

Judgment affirmed.

Goodell, J., and Dooling, J., concurred.